UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID B. WILSON, <br> AIS No. 277765, <br><br> Plaintiff, <br><br> v. <br><br> JASON SMOAK, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:21-CV-227-WHA-KFP <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

On April 15, 2022, the Magistrate Judge entered a Recommendation recommending this action be dismissed without prejudice for Plaintiff's failure to comply with the orders of the Court. Doc. 37. The Court directed the parties to file objections to the Recommendation by April 29, 2022. *Id.* No objections were filed. On May 6, 2022, the Court entered an Order adopting the Magistrate Judge's Recommendation and a Final Judgment dismissing this action. Docs. 38, 39.

On October 3, 2022, Plaintiff filed a Motion of Appeal (Doc. 44), considered a Notice of Appeal from the judgment entered on May 6, 2022. Under the prison mailbox rule, Plaintiff's notice of appeal is deemed filed on the date he delivered it to jail authorities for mailing—presumptively September 28, 2022, the day he signed it. *See Bonilla v. U.S. Dep't of Justice*, 535 F. App'x 891, 893 (11th Cir. 2013) (per curiam) (noting that "for purposes of Federal Rule of Appellate Procedure 4(a)(1), a *pro se* prisoner's notice of appeal is 'filed' on the date that the prisoner delivers the notice to prison authorities, rather

than the date on which the court clerk receives the notice" (citing *Houston v. Lack*, 487 U.S. 266, 270–73 (1988)).

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The timely filing of a notice of appeal is both "mandatory and jurisdictional." *Pinion v. Dow Chemical, U.S.A.*, 928 F.2d 1522, 1525 (11th Cir.1991) (citations omitted). Under Rule 4(a)(5), a federal district court is authorized to extend the time to file a notice of appeal "if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)–(ii).

As the final judgment was entered May 6, 2022, the deadline for Plaintiff to file his notice of appeal under Rule 4(a)(1) was June 6, 2022. Plaintiff filed his notice of appeal on September 28, 2022—well outside of Rule 4(a)(5)'s 30-day period for moving for an extension of time to file a notice of appeal. Because Plaintiff's notice of appeal is filed outside the 30-day period for moving for an extension of time to appeal the judgment, the Court finds he has not met the time limits in Rule 4(a)(5), and thus, the Court cannot grant an extension irrespective of any good cause or excusable neglect. *See Cavaliere Allstate Ins. Co.*, 996 F.2d 1111, 1114 (11th Cir. 1993) (holding that appellant who failed to meet both the 30-day deadline for timely notice of appeal and the second 30-day deadline for filing a motion for extension of time was not entitled to initiate the "excusable neglect or good cause" inquiry of Rule 4(a)(5) and district court "had no choice but to deny his motion").

In an abundance of caution, the Court construes Plaintiff's notice of appeal as a motion to reopen the time for an appeal under Rule 4(a)(6). Rule 4(a)(6) authorizes a district court to reopen the time to file an appeal, but only if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.[1]

Fed. R. App. P. 4(a)(6). Even if all three conditions are met, the Court has discretion to decide whether to reopen the time to appeal. *See* Fed. R. App. P. 4(a)(6) (stating that a court "may" reopen the time to appeal if the above conditions are met).

The record in this matter affirmatively shows that copies of the May 6, 2022, Order and Final Judgment were mailed to Plaintiff at this last known mailing address, which at the time was the Fountain Correctional Facility in Atmore, Alabama. There is no indication on the record that Plaintiff did not receive his copy of the May 6, 2022, Order and Final Judgment.

---

[1] Rule 77(d) provides that "the clerk must serve notice of the entry [of an order or judgment], as provided in Rule 5(b), on each party who is not in default for failing to appear." Fed. R. Civ. P. 77(d)(1). Rule 5(b) provides that "[a] paper is served under this rule by . . . mailing it to the person's last known address - in which event service is complete upon mailing." Rule 5(b)(2)(C), Fed. R. Civ. P.

In his notice of appeal Plaintiff maintains he filed all rebuttals "except change of address which didn't occur until Feb 2022." Doc. 44 at 1. Review of the proceedings reflects that Plaintiff's most recent notice of address change was filed on September 7, 2022. *See* Doc. 40. Prior to then, Plaintiff's last change of address was submitted on June 23, 2021. *See* Doc. 17. There is no indication Plaintiff did not receive notice of the May 6, 2022, Order and Final Judgment, and the Court docket reflects copies of these Court documents were mailed to Plaintiff at his last known mailing address on that date. Nonetheless, almost five months passed after entry of the May 6, 2022, Order and Final Judgment before Plaintiff filed notice of his desire to appeal the Court's May 6, 2022, ruling.

Under the circumstances, the Court, in its discretion, concludes that re-opening of the appeal period under Fed. R. App. P. 4(a)(6) is not merited.

Accordingly, for the foregoing reasons, it is

ORDERED that Plaintiff's Notice of Appeal, considered to contain a motion to extend the time for filing a notice of appeal under Fed. R. App. P. 4(a)(5)(A)(i) or a motion to reopen the time to appeal under Fed. R. App. P. 4(a)(6) (Doc. 44) and a motion for leave to appeal *in forma pauperis* (Doc. 44), are DENIED.

It is further

ORDERED that, under the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915 (as amended), Plaintiff is required to pay the requisite $505.00 fee for filing this Notice of Appeal. Accordingly, it is

ORDERED that:

1. If the funds in Plaintiff's prison account exceed $505.00, those persons having custody of Plaintiff shall forward to the Clerk of this Court the $505.00 appellate filing fee.

2. If the funds in Plaintiff's prison account are less than $505.00, those persons having custody of Plaintiff shall --

> (A) make an initial partial payment to this Court equal to the greater of the following amounts:
>
>> (a) 20% of the average monthly deposits to Plaintiff's account for the 6-month period immediately preceding the date Plaintiff filed his notice of appeal; or
>>
>> (b) 20% of the average monthly balance in Plaintiff's account for the aforementioned 6-month period.

(B) make additional monthly payments of 20% of each preceding month's income credited to Plaintiff's account until the balance of the $505.00 fee is paid. These additional monthly payments shall be deducted from Plaintiff's prison account each time the amount in this account exceeds $10.00 until the $505.00 filing fee is paid in full.

3. Where the appellate court enters a judgment against Plaintiff for payment of costs at the conclusion of the appeal, including any unpaid portion of the required $505.00 filing fee, those persons having custody of Plaintiff shall continue making monthly payments to this Court in accordance with the installment plan outlined in ¶ 2(B) until the full amount of the ordered costs is paid.

To aid those persons having custody of Plaintiff in complying with the requirements of this Order, the Clerk is DIRECTED to furnish a copy of this Order to the inmate account

clerk at the facility where Plaintiff is incarcerated. The account clerk is advised that if Plaintiff is transferred to another prison or detention facility, he/she shall furnish this Order to the appropriate official at the institution where Plaintiff is transferred so the custodial agency can assume the duties of collecting and forwarding any remaining monthly payments to this Court.

Plaintiff is advised that if, before he has paid the $505.00 filing fee, the appellate court disposes of his appeal—by dismissing the appeal for lack of jurisdiction, want of prosecution, or because it is frivolous, or by deciding the appeal on the merits—he remains obligated to pay the $505.00 filing fee. The filing fee will be collected from any funds which become available to Plaintiff and will be forwarded to this Court by those persons having custody of Plaintiff pursuant to the directives in this Order.

Done, this 4th day of October 2022.

/s/   W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE